*90
 
 Ruffin, C. J.
 

 It is very plain, that the plaintiff has no to Id's wife’s share of the capita); that is, of the original price for which- the land sold. As administrator, he cannot j.iave ¡t. beeause t]-)e proceeds of sale are, as respects infants and married women, real estate and to be secured accordingly, so that they shall go to the real- and not the personal representatives;
 
 Rev. St.
 
 c.,85,
 
 Sec. 7.
 
 For the same reason, he is not, as husband,-entitled to the fund absolutely; nor as tenant by the curtesy, for the want of issue. If it had got into his hands, he would have been obliged to refund it to his wife’s heirs, as things have turned out.
 
 Scull
 
 v
 
 Jernigan, 2
 
 Dev. and Bat. Eq. 144. The decree of November, 1842, makes no difference. Being both an infant and covert, the decree would not have been binding on her, as between her and her husband, they not being opposing parties in the suit. But the decree does not cover her case in terms; for it gives no directions for the payment of the shares of the married women, and no doubt, the omission was of purpose, as the act directs such shares to be invested or settled, so as to be secured to the wife and her heirs. As respects a share of the capital, therefore,- the bill must be dismissed.
 

 But we hold, that the plaintiff is entitled to a decree for all the interest accrued on his wife’s share, after defraying her proportion of the expense of those proceedings. Regarding the original fund as realty, yet the interest is not, for that is the annual profit; and the general rule is, that rents or the profits of real estate, accrued during the seisin of a particular person, go to- the executor of that person, and not to the heir, nor even to one who takes by a limitation over on a contingency, which divested the estate of the first taker. Profits of land are not taken in land, but in its produce, money; and that is personalty. The profits during the marriage, vested in the husband, who has survived, and those which accrued before, belong to the plaintiff as administrator. We say they belong to him as administrator, because we cannot regard the sum received by him from the Master, for which he gave his bond, as received in his own right, or in any other light than a loan. He exercised no
 
 *91
 
 right of ownership over the fund ; not even becoming a ty in the cause, as far as appears. Consequently, he sueceeds to that part of the fund in his representative direction.
 

 Per Curiam, Decreed accordingly.